UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
:
JOHN YORKE,                                                            :
                                                                       :
                              Plaintiff,                               :
                                                                       :          18-CV-5268 (JMF)
            -v-                                                        :
                                                                       :          MEMORANDUM OPINION
TSE GROUP LLC d/b/a B.B. KING BLUES                                    :          AND ORDER
CLUB & GRILL et al.,                                                   :
                                                                       :
                              Defendants.                              :
                                                                       :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Plaintiff John Yorke sues his former employers, Defendants TSE Group LLC (doing business as B.B. King Blues Club & Grill), Tsion Bensusan, and Spencer Graves, for violations of the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.*, and New York Labor Law, N.Y. Lab. Law § 650 *et seq.*  Defendants TSE Group LLC and Tsion Bensusan (together, "Defendants") now move to compel arbitration pursuant to an arbitration clause in the employee handbook.  *See* 9 U.S.C. § 4.  For the reasons that follow, their motion is GRANTED.

"The threshold question facing any court considering a motion to compel arbitration" — and the only question here — is "whether the parties have indeed agreed to arbitrate." *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118-19 (2d Cir. 2012).  In deciding this issue — which is governed in this case by New York contract law, *see id.* at 119; *Marcus v. Collins*, No. 16-CV-4221 (GBD) (BCM), 2016 WL 8201629, at *8 (S.D.N.Y. Dec. 30, 2016) — "courts apply a standard similar to that applicable for a motion for summary judgment," deciding whether there is an issue of fact as to the making of the agreement based on "all relevant, admissible evidence

submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (internal quotation marks omitted).  Under this standard, "[t]he party moving to compel arbitration 'must make a prima facie initial showing that an agreement to arbitrate existed before the burden shifts to the party opposing arbitration to put the making of that agreement in issue.'"  *Begonja v. Vornado Realty Tr.*, 159 F. Supp. 3d 402, 409 (S.D.N.Y. 2016) (quoting *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010) (summary order)). "The moving party need not show initially that the agreement would be enforceable, merely that one existed."  *Id.* (internal quotation marks omitted).

Applying those standards here, the Court must grant Defendants' motion because they make a *prima facie* showing that Yorke agreed to arbitrate his claims — namely, by submitting a signed agreement containing an arbitration clause, *see* Docket Nos. 18-2, 28-3 — and Yorke offers no evidence to put the making of that agreement "in issue" (or argument that his claims are not encompassed by the arbitration clause).  Unsurprisingly, Yorke does not dispute the well-established proposition that an arbitration agreement purportedly signed by him is *prima facie* evidence of a promise to arbitrate.  *See, e.g.*, *Scone Investments, L.P. v. Am. Third Mkt. Corp.*, 992 F. Supp. 378, 381 (S.D.N.Y. 1998) (finding that "a copy of the customer agreement which includes an arbitration clause and which was purportedly signed by" the plaintiff was *prima facie* evidence of an agreement to arbitrate); *Hines*, 380 F. App'x at 24 (citing with approval *Scone Investments*); *Victorio v. Sammy's Fishbox Realty Co., LLC*, No. 14-CV-8678 (CM), 2015 WL 2152703, at *11 (S.D.N.Y. May 6, 2015).  Instead, he argues that the Court should not consider the signed agreement because (1) it was originally submitted as an exhibit to defense counsel's declaration, and defense counsel lacks personal knowledge that the agreement is what it purports

to be; and (2) it would be inappropriate for the Court to consider additional evidence regarding the document submitted with Defendants' reply papers.  *See* Docket No. 27 ("Yorke Mem."), at 1-8.

The Court disagrees.  For one thing, Yorke argues in his opposition papers that Defendants' submission of only *portions* of the employee handbook, rather than the entire thing, requires denial of Defendants' motion.  To the extent that the new evidence submitted in reply — namely, the affidavit of Tsion Bensusan ("Bensusan Affidavit"), and the handbook and signed agreement, filed as exhibits to the affidavit — respond directly to Yorke's argument, it is entirely appropriate to consider them.  *See, e.g.*, *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000) ("[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." (internal quotation marks omitted)); *Marciano v. DCH Auto Grp.*, 14 F. Supp. 3d 322, 328 n.2 (S.D.N.Y. 2014) (considering new evidence submitted with a reply brief because "it was directly responsive to claims Plaintiff made" in her opposition brief and affidavit regarding the format and pagination of an arbitration agreement).  In any event, as Yorke himself concedes, *see* Yorke Mem. 5-6, a district court enjoys "broad discretion" to "rely on evidence submitted with the reply papers," *Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela*, 341 F. App'x 722, 724 (2d Cir. 2009) (summary order) (citing *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005)), notwithstanding the traditional rule that it is improper for a party to submit evidence in reply that was available when it filed its motion, *see, e.g.*, *Dixon v. NBCUniversal Media, LLC*, 947 F. Supp. 2d 390, 396 (S.D.N.Y. 2013).  The Court finds it appropriate to exercise that discretion here, for three reasons.

First, Yorke cannot complain that he was surprised by the Bensusan Affidavit or the signed arbitration agreement submitted along with it. Defendants sent a copy of the signed agreement to Yorke's counsel a month before they filed their motion, *see* Docket No. 18, ¶ 5, and submitted the agreement with their original motion papers, giving Yorke an opportunity to challenge the validity of the agreement with an affidavit of his own — which he did, *see* Yorke Mem. 4; Docket No. 26 ("Yorke Aff."), ¶¶ 6-7. *See Bayway Ref. Co.*, 215 F.3d at 227 (finding no abuse of discretion where the non-moving party "was not surprised by the affidavits in question"). Second, Yorke never sought leave to file a sur-reply to address the Bensusan Affidavit, the complete employee handbook, or the signed agreement, "thus fail[ing] to seek a timely remedy for any injustice." *Id.*; *accord Ruggiero*, 424 F.3d at 252 & n.4.[1] Finally, and perhaps relatedly, Yorke "makes no claim that [he] has any contrary evidence to introduce even if [he] were given an opportunity to proffer it." *Bayway Ref. Co.*, 215 F.3d at 227; *accord Schneider v. Cont'l Serv. Grp., Inc.*, No. 13-CV-5034 (JG) (MDG), 2013 WL 6579609, at *6 (E.D.N.Y. Dec. 16, 2013). At bottom, Yorke's objection to Defendants' reply evidence is purely procedural, and he suffers no unfair prejudice from its consideration.

In light of that evidence, the burden shifts to shifts to Yorke to "put the making of th[e] agreement 'in issue.'" *Hines*, 380 F. App'x at 24 (quoting 9 U.S.C. § 4). This he fails to do. In his affidavit, Yorke states, in relevant part, that (1) he was never given an employee handbook or the opportunity to read or review one; (2) he has never seen or read the "Consent to Arbitration" portion of the employee handbook; (3) he was never given the opportunity to read or review "any

---

[1] In his opposition, Yorke claimed he would "be prejudiced by having to incur substantially greater attorney's fees in having to now potentially respond to potentially wholly new evidence on reply." Yorke Mem. 7. Because he did not seek to respond to Defendants' purported new evidence, however, that prejudice is illusory.

employment documents"; and (4) he "never agreed to arbitrate any and all claims" he had in connection with his employment. Yorke Aff. ¶¶ 5, 7-9. Conspicuously, however, Yorke does not dispute that the signature on the agreement is his, and that (combined with the absence of any allegations of fraud or wrongful conduct on the part of Defendants) is fatal to his argument. Under New York law, "in the absence of fraud or other wrongful act on the part of another contracting party, a party who signs or accepts a written contract is conclusively presumed to know its contents and to assent to them." *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004) (quoting *Metzger v. Aetna Ins. Co.*, 227 N.Y. 411, 416 (1920)) (ellipsis and internal quotation marks omitted). That is true even where, as Yorke alleges is the case here, a party does not read or understand a contract, *see, e.g.*, *Marciano*, 14 F. Supp. 3d at 330 (collecting cases and authorities), or is provided with only a signature page, *see id.*; *DeBono v. Washington Mut. Bank*, No. 05-CV-10333 (DC), 2006 WL 3538938, at *2 (S.D.N.Y. Dec. 8, 2006) (Chin, J.) ("[I]t is undisputed that plaintiff signed the Agreement. Thus, even if he only received the last page, plaintiff is bound by the conditions of the Agreement once he signed it."). Thus, Yorke's allegations are not enough to create an issue of fact as to the making of the agreement. *See Scone Investments*, 992 F. Supp. at 381 (noting that, in order to create an issue of fact, a plaintiff "must unequivocally deny that [he] entered into an agreement to arbitrate . . . *and should offer at least some evidence to substantiate [his] factual allegations*" (emphasis added)).

In light of the foregoing, Yorke is required to arbitrate his claims against "the Company" (that is, TSE Group LLC d/b/a B.B. King Blues Club & Grill). Defendants argue that Yorke must also arbitrate his claims against Bensusan, even though Bensusan is not a signatory to the arbitration agreement. Docket No. 17, at 6-9. Alternatively, they contend that the issue of whether Yorke must do so — that is, the *arbitrability* of his claims against Bensusan — is for the

arbitrator to decide in the first instance. *See id.* at 6-9. The Court agrees with the latter argument. Where, as here, "the parties explicitly incorporate into an arbitration agreement the AAA's Commercial Arbitration Rules, including a rule which empowers the arbitrator to rule on her own jurisdiction, 'the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator.'" *Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 104 (S.D.N.Y. 2017) (quoting *Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 208 (2d Cir. 2005)); *see also* Docket No. 28-2, at 12 (incorporating the AAA's analogous Employment Arbitration Rules); Docket No. 18-3, at 12 (AAA rule delegating to the arbitrator "the power to rule on his or her own jurisdiction, including any objections as to the existence, scope or validity of the . . . agreement"). That delegation encompasses the question of whether *non-*signatories are bound by the arbitration agreement where "the parties have a sufficient relationship to each other and to the rights created under the agreement," *Contec*, 398 F.3d at 209. Here, Bensusan has a "sufficient relationship" with Yorke and his claims under the agreement by virtue of being the alleged owner, principal, and/or manager of B.B. King. *See* Docket No. 22, ¶¶ 8-10; *see also, e.g.*, *Katsoris*, 237 F. Supp. 3d at 106 (holding that the "founder and president" of a non-profit could compel arbitration of the arbitrability of his claims even though only the non-profit, and not he, was a signatory to the arbitration agreement). Accordingly, the Court will compel arbitration as to Yorke's claims against both TSE Group LLC and Bensusan, subject to Yorke's right to raise the issue of arbitrability with respect to Bensusan before the arbitrator.

That leaves only Defendant Spencer Graves, who did not join Defendants' motion. On September 28, 2018, Yorke filed an Affidavit of Service indicating that service of process on Graves was accepted by "a person of suitable age and discretion" at 131 West 3rd Street, New York, NY. *See* Docket No. 11; *see also* Docket No. 22, ¶ 3 (alleging that TSE Group LLC has

6

its place of business at that address).  But counsel for Defendants states that "none of the other individual defendants" (including Graves) "have ever worked" at that address and that, "[o]n information and belief," Graves has not been served at his home or principal places of business. Docket No. 18, ¶ 2.  Nor has Graves filed an answer or otherwise appeared in the action.  In light of those facts, the Court is skeptical that Graves was properly served and, by extension, that it has jurisdiction over him or Yorke's claims against him.  Moreover, to the extent that Graves was properly served, Yorke has taken no steps to prosecute the case against him.  Accordingly, Yorke is ORDERED to show cause **no later than July 31, 2019**, why the Court should not dismiss the claims against Spencer Graves for failure to serve and/or lack of prosecution.

For the foregoing reasons, Defendants' motion to compel arbitration is GRANTED, and the claims against Defendants TSE Group and Bensusan are stayed pending the arbitration.  *See Virk v. Maple-Gate Anesthesiologists, P.C.*, 657 F. App'x 19, 20 (2d Cir. 2016) (holding that a district court must stay proceedings where a defendant's motion to compel arbitration seeks "either a stay or dismissal"); Docket No. 17, at 1 (seeking a "stay or dismiss[al]").

The Clerk of Court is directed to terminate Docket No. 16.

SO ORDERED.

Dated: July 17, 2019
New York, New York

JESSE M. FURMAN
United States District Judge