```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JOHN YORKE,                                                       :
                                                                  :
                              Plaintiff,                          :
                                                                  :     18-CV-5268 (JMF)
              -v-                                                 :
                                                                  :     ORDER OF DISMISSAL
TSE GROUP LLC d/b/a B.B. KINGS BLUES CLUB &                       :
GRILL, et al.,                                                    :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff John Yorke commenced this lawsuit on June 12, 2018. ECF No. 1. On July 17, 2019, the Court granted the motion by Defendants TSE Group LLC ("TSE Group") and Tsion Bensusan (together, the "Arbitration Defendants"), to compel arbitration and stayed Plaintiff's claims as to them pending arbitration. *See Yorke v. TSE Grp. LLC*, No. 18-CV-5268 (JMF), 2019 WL 3219384 (S.D.N.Y. July 17, 2019) (ECF No. 31). The Court then dismissed Plaintiff's claims against the remaining Defendant, Spencer Graves, without prejudice for failure to prosecute and administratively closed the case on August 2, 2019. ECF No. 32.

Nothing further occurred until April 6, 2021, when the Arbitration Defendants filed a statement "noting the death of John Yorke, formerly a defendant [sic] in this action, on January 25, 2021." ECF No. 33. (Notwithstanding the reference in the April 6 letter, John Yorke is, in fact, the *plaintiff* in this action). The letter explained that "Plaintiff's counsel was made aware of Mr. Yorke's death on January 29, 2021" and that "Plaintiff's counsel has confirmed this as true in an email dated March 16, 2021, to which Defendants were copied." *Id.*

Rule 25(a)(1) of the of the Federal Rules of Civil Procedure provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Significantly, the Rule then states: "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed." Fed. R. Civ. P. 25(a)(1) (emphasis added). No such motion was made in this case. Accordingly, on July 7, 2021, the Court ordered Plaintiff to show cause why this case should not be dismissed pursuant to Rule 25(a)(1). Plaintiff responded by letter and by letter-motion seeking an extension, *nunc pro tunc*, of the Rule 25(a) deadline based on excusable neglect. *See* ECF Nos. 35-36. Defendant filed an opposition to Plaintiff's request. *See* ECF No. 38.

Plaintiff's request for an extension is DENIED, substantially for the reasons set forth in

Defendant's letter.  Plaintiff's counsel contends that the conceded failure to meet the Rule 25(a) deadline was a result of excusable neglect, but that contention does not withstand scrutiny.  First, any suggestion that counsel may have believed that Rule 25(a) did not apply because the case was administratively closed is belied by the fact that Defendant filed a statement on the docket, not to mention by the correspondence attached to Defendant's letter, which shows that Defendant explicitly referenced Rule 25(a) and its application to this case even earlier.  *See* ECF Nos. 38-2, at 3, and 38-3, at 3.  And while Plaintiff's counsel attributes the delay to the COVID-19-caused delay in obtaining the letters of administration, he has no explanation, let alone excuse, for failing to file a Rule 25(a) motion in the few weeks between June 16, 2021 — when he indisputably had the letters of administration — and the Rule 25(a) deadline.

Put simply, Plaintiff's counsel fails to show excusable neglect.  It follows that his motion for an extension must be and is denied and that dismissal is mandated by Rule 25.  That dismissal is without prejudice.

The Clerk of Court is directed to terminate ECF No. 35.

SO ORDERED.

Dated: July 29, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge